**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF TRANSPORTATION,<br>1200 New Jersey Avenue, SE<br>Washington, DC 20590,<br><br>Defendant. | ) | Civil Action No.: |

# COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Transportation to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly serves FOIA requests on federal agencies, analyzes the responses it receives, and

disseminates its findings and any records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Transportation is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 1200 New Jersey Avenue SE, Washington, DC 20590.

## STATEMENT OF FACTS

### *A. August 12, 2025 Request*

5. On August 12, 2025, Plaintiff sent a FOIA request to Federal Motor Carrier Safety Administration (FMCSA), a component of Defendant, seeking access to the following public records:

i. Cross-Border Trucking Pilot Program and Follow-Up Data:

a) All reports, audits, data analyses, and correspondence related to the 2011-2014 U.S.-Mexico Cross-Border Long-Haul Trucking Pilot Program (as referenced in the "Cross Border Report to Congress.pdf"), including any post-2014 extensions, evaluations, or safety monitoring of participating Mexican-domiciled carriers.

b) Safety Measurement System (SMS) data, crash reports, roadside inspection results (including OOS rates for vehicles and drivers), compliance reviews, and moving violations for all Mexican-domiciled carriers granted long-haul authority beyond commercial zones since 2014.

c) Any updates or responses to the DOT Office of Inspector General (OIG) audit of the Pilot Program (submitted December 10, 2014), including internal memos on recommendations implemented.

ii. Mexican-Domiciled Carriers and Ownership:

a) Records on the ownership, registration, and operating authority of Mexican-domiciled motor carriers with FMCSA authority, including any investigations into any entities flagged for illegal addresses.

b) Data from the Motor Carrier Management Information System (MCMIS) on CDL holders added since 2016, disaggregated by nationality, domicile (U.S. vs. foreign), and class (e.g., Class A vs. Class B). Please exclude any

PII.

c) Any communications with Mexican authorities (e.g., CANACAR or SCT) regarding “carrier ownership”.

iii. Driver Licensing and Expedited Processing:

a) Documents related to FMCSA's "Toolkit to Expedite Licensing" ("Toolkit to Expedite Licensing- Per FMCSA.pdf"), including implementation data, state-level adoption rates, and metrics on CDL/CLP issuance volumes (e.g., monthly averages post-2021).

b) Records on waivers or strategies to reduce CDL delays, such as waiving the 14- day waiting period, third-party testers, or test score banking, and any evaluations of their impact on safety or underserved areas.

c) Data on CDLs issued to non-U.S. citizens or residents, including foreign nationals under guest worker programs, with breakdowns by country of origin. Please exclude any PII.

iv. English Language Proficiency Enforcement:

a) All policies, memos, and enforcement actions related to 49 CFR § 391.11(b)(2) on English proficiency ("SafetyNotice_English-Proficiency.pdf"), including the 2021 ODOT notice, FMCSA's 2016 memorandum, and any changes post-2015 (e.g., removal from OOS criteria).

b) Inspection reports, citations, and training materials on tools like Google Translate, I-Speak cards, or interpreters, and data on violations issued (e.g., annual totals, outcomes).

c) Correspondence with states or stakeholders on non-English communications during inspections.

v. NAFTA Renegotiation, Guest Workers, and Labor Impacts:

a) FMCSA's internal analyses, communications, or contributions to NAFTA/USMCA renegotiations regarding trucking provisions (e.g., Annex I exclusions, trade facilitation, or reciprocity for courier services).

b) Records responding to congressional letters or testimonies, such as the May 7, 2020, House letter on guest worker programs ("House Letter to POTUS on Guest Worker Programs 5.7.20.pdf") or 2019 Teamsters testimony ("2019 Teamster Testimony - T&I Committee.pdf").

c) Any studies or data on foreign truck drivers' impact on U.S. labor markets, including salary comparisons (e.g., IMSS estimates vs. U.S. wages) and claims of "flooding" the market.

vi. General Safety and Oversight Records:

a) Audits, investigations, or reports on Mexican trucking salaries, union contracts, or driver shortages, including any FMCSA involvement in "Empower - Mexico Trucking report for Teamsters - 23 Sept 2017.pdf."

b) Communications with the Teamsters Union, American Trucking Associations (ATA), or CANACAR on these topics.

c) Raw data sets (e.g., Excel files) from FMCSA databases on inspections, violations, crashes, and carrier ratings for cross-border operations.

The time frame of the request was identified as "January 1, 2014, to present."

6. By letter dated August 13, 2025, Defendant acknowledged receipt of the request on August 12, 2025, and advised Plaintiff that the request had been assigned FOIA Control Number: FMCS-2025-08105.

7. Plaintiff has received no further communication from Defendant regarding this request.

*B. August 20, 2025 FOIA Request*

8. On August 20, 2025, Plaintiff sent a second FOIA request to FMCSA, a component of Defendant, seeking access to the following public records:

> Records and communications about FMCSA's tracking of Motor Carrier Safety Assistance Program (MCSAP) grantees' Commercial Vehicle Safety Plan (CVSP) goals and performance outcomes. Specifically, [] requesting:
>
> i. Approved CVSPs and Performance Progress Reports (PPRs) for fiscal years 2022–2025 for Arizona, California, Texas, Illinois, Pennsylvania, Oklahoma, and Virginia, including data on goal achievement (e.g., crash reductions, vehicle inspections) and identified shortfalls.
>
> ii. Analyses, reports, or assessments evaluating grantee progress toward CVSP goals, including any discrepancies or outdated information in PPRs (e.g., fiscal year 2022 data repeated in 2023 PPRs).

iii. Records about foreign nationals obtaining CDLs or foreign companies or entities applying for or obtaining MC numbers. This includes statistics such as country of citizenship, state where CDL obtained, not personal identifying information.

iv. Records about accidents involving foreign nationals holding CDLs.

v. Internal assessments or studies linking MCSAP performance to commercial motor vehicle (CMV) crash statistics, particularly the reported 5,176 CMV-related fatalities in 2023.

vi. Communications (e.g., emails, memos, meeting notes) discussing prioritization of CVSP goals, challenges in performance tracking, or impacts of Infrastructure Investment and Jobs Act (IIJA) funding and law enforcement staffing shortages on goal achievement. Key words for email search (including variations and partial matches):

a) "CVSP goal achievement"
b) "Performance Progress Reports MCSAP"
c) "PPR analysis"
d) "CMV crash reduction"
e) "MCSAP safety outcomes"
f) "5,176 CMV fatalities"
g) "crash statistics MCSAP"
h) "CVSP performance tracking"
i) "IIJA funding prioritization"
j) "law enforcement staffing shortages"
k) "grantee performance shortfalls"
l) "PPR discrepancies ST2025028"
m) "vehicle inspection goals"
n) "MCSAP safety goal enforcement"
o) "performance tracking deficiencies"

The time range for this request was identified as "January 1, 2021, to present."

9. By letter dated August 20, 2025, Defendant acknowledged receipt of the request that same day, and advised Plaintiff that the request had been assigned FOIA Control Number: FMCS-2025-08338.

10. Plaintiff has received no further communication from Defendant regarding this request.

11. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with Plaintiff's requests; (ii) notify Plaintiff of any such determinations or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determinations; or (iv) produce the requested records or otherwise demonstrate the requested records are exempt from production.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Defendant is in violation of FOIA.

14. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

15. Plaintiff has no adequate remedy at law.

16. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make final determinations on Plaintiff's August 12, 2025 request by September 10, 2025, and on Plaintiff's August 20, 2025 request by September 18, 2025. Because Defendant failed to issue final determinations on Plaintiff's requests within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold

any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: February 3, 2026

Respectfully submitted,

*/s/ Ramona R. Cotca*

Ramona R. Cotca
D.C. Bar No. 501159
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel: (202) 646-5172
Email: rcotca@judicialwatch.org

*Attorneys for Plaintiff*